UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONY LENDER, LLC, ET AL.,

               Appellants,

v.                          Case No.  8:16-cv-2220-T-33
                          Bankr. Case No. 8:13-bk-348KRM

COLONY  BEACH  &  TENNIS  CLUB
ASSOCIATION, INC., ET AL.,

               Appellees.
_____/

COLONY BEACH & TENNIS CLUB, INC.,

               Appellant,

v.                          Case No.  8:16-cv-2323-T-33
                          Bankr. Case No. 8:13-bk-348KRM

COLONY LENDER, LLC, ET AL.,

               Appellees.
_____/

## ORDER

This matter comes before the Court pursuant to the Agreed Motion to Consolidate Related Cases (Doc. # 6), filed on October 11, 2016.  Upon review of Federal Rule of Civil Procedure 42, which governs the consolidation of related matters, the Court grants the Motion.

## Discussion

Rule 42(a), Fed. R. Civ. P., states: "If actions before the court involve a common question of law or fact, the court

may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Id.

In Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985), the Eleventh Circuit, commenting on the provisions of Rule 42, Fed. R. Civ. P., noted, "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at 1495 (citing In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)). The Hendrix court further explained, "We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix, 776 F.2d at 1495.

A trial court's decision to consolidate similar cases is purely discretionary. Id. However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the

> relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495.

In consideration of the many commonalities between the above captioned cases, including overlapping parties and issues presented, this Court determines that consolidation for all proceedings is appropriate.  The consolidation of these cases will eliminate the risk of inconsistent adjudications of common factual and legal issues.  Further, consolidation will lessen the burden on the parties and available judicial resources.   Further, consolidation will expedite the resolution of the appeals and eliminate unnecessary repetition and confusion.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) The Agreed Motion to Consolidate Related Cases (Doc. # 6) is **GRANTED.**

(2) The Clerk is directed to consolidate case 8:16-cv-2220-T-33 and case 8:16-cv-2323-T-33 for all further proceedings.

(3) This action shall proceed under the lead, first-filed case of 8:16-cv-2220-T-33, and all future pleadings and briefs shall be filed in that case.  Case 8:16-cv-2323-T-

33 is administratively closed.  Counsel are directed to re-file in the lead case any motions that are currently pending in case 8:16-cv-2323-T-33, if necessary.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>17th</u> day of October, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-4-